IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE BOGAN, III, | ) | CASE NO. 1:10 CV 2491 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| DONNIE MORGAN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

# Introduction

Before me by referral[1] is the *pro se* petition of Clarence Bogan III for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Bogan is incarcerated by the State of Ohio at the Allen Oakwood Correctional Institution in Lima, Ohio,[3] where he is serving concurrent seven-year sentences imposed in 2009 by the Cuyahoga County Court of Common Pleas after it

---

[1] This matter was referred to me pursuant to Local Rule 72.2 by United States District Judge Patricia Gaughan in a non-document order entered December 16, 2010.

[2] ECF # 1.

[3] Although Bogan was incarcerated at the Southern Ohio Correctional Facility in Lucasville, Ohio, at the time he filed his petition (*see, id.* at 1), the website for the Ohio Department of Rehabilitation and Correction (www.drc.ohio.gov) indicates the current place of incarceration to be as noted above.

accepted Bogan's guilty pleas to three separate counts of rape in two different cases.[4] The State has filed a return of the writ,[5] and Bogan has filed a traverse.[6]

For the reasons that follow, I will recommend that Bogan's petition be dismissed on the grounds that the claims are procedurally defaulted.[7]

## Facts

The facts relevant to the recommended disposition are not extensive.[8]

**A.    State court proceedings**

After plea negotiations with the State, on September 25, 2009, Bogan pled guilty to two counts of rape in Ohio case number CR-09-520105-A and was sentenced to serve concurrent terms of seven years on each count.[9] On the same day, in Ohio case number

---

[4] *See*, ECF # 1 at 1 (Bogan incorrectly states that he pled guilty to 2 counts of rape in two different cases). As the State notes in its return of the writ (ECF # 8 at 7), Bogan actually pled guilty to two counts of rape in Ohio case number CR-09-520105, for which he was sentenced to serve concurrent terms of seven years on each count, and also pled guilty to one count of rape in case number CR-08-516216-A, for which he was sentenced to seven years in prison, such sentence to be served concurrently with the concurrent sentence from the preceding case.

[5] ECF # 8.

[6] ECF # 15.

[7] This disposition moots Bogan's pending motion seeking a ruling on his petition. ECF # 16.

[8] Facts found by the state appeals court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[9] ECF # 8 (App'x) at 140.

CR-08-516216-A, Bogan pled guilty to one count of rape and was sentenced to a seven-year term, to be served concurrently to the sentence imposed in CR-09-520105-A.[10]

More than 30 days after entry of these judgments, Bogan, *pro se*, attempted to file a notice of appeal.[11] The Ohio appeals court *sua sponte* dismissed the appeal as untimely.[12]

Bogan, again proceeding *pro se*, then filed another notice of appeal[13] as well as a motion for a delayed appeal.[14] The appellate court granted the motion for filing a delayed appeal, ordering Bogan to file the record by January 27, 2010.[15] In response, Bogan filed a brief asserting sixteen assignments of error,[16] but did not file the trial record. Consequently, on February 16, 2010, the appeals court dismissed his appeal for failure to prosecute.[17] Bogan's motion to reconsider[18] was denied.[19]

---

[10] *Id*. at 141.

[11] *Id*. at 145.

[12] *Id*. at 147.

[13] *Id*. at 148.

[14] *Id*. at 151.

[15] *Id*. at 157.

[16] *Id*. at 158.

[17] *Id*. at 212.

[18] *Id*. at 213.

[19] *Id*. at 217.

Bogan thereupon sought review of the appellate court's decision to dismiss in the Supreme Court of Ohio.[20] In an entry filed June 23, 2010, the Ohio Supreme Court denied Bogan's appeal, dismissing it as not involving any substantial constitutional question.[21]

## B.  Federal habeas petition

Just over four months after the Ohio Supreme Court's decision, Bogan filed the present petition for federal habeas relief,[22] raising the following two grounds for relief:

> Ground One: I was denied a speedy trial for indictments CR07-499835C; CR07-500295; CR07-501850; CR08-516216; CR099-520105; and the trial court denied defense counsel Gregory W. Meyers' motion to dismiss all charges without calculating how many days had elapsed.[23]
>
> Ground Two: The State of Ohio through the Cuyahoga County Prosecutor Bill Mason's office[,] the Ohio Department of Rehabilitation and Corrections, and the trial court has failed to abide by the "Plea Agreement of the Parties," which says that the defendant is supposed to serve his sentence in protective custody at Toledo Correctional Institution.[24]

## C.  Return of the writ

In its return of the writ, the State maintains initially that Bogan has dropped his second ground for relief which alleged a breach of the plea agreement.[25] The State asserts that Bogan

---

[20] *Id*. at 218 (notice of appeal), 221 (memorandum in support of jurisdiction).

[21] *Id*. at 245.

[22] ECF # 1.

[23] ECF # 1 at 5.

[24] *Id*. at 7.

[25] ECF # 8 at 9.

-4-

in a previously filed motion for default judgment stated that he "seeks his release from prison solely upon the ground that his rights to have a speedy trial was (sic) violated."[26] In any event, even if not dropped, the State contends that such a claim is non-cognizable.[27]

As to the ground alleging violation of the right to a speedy trial, the State argues first that any such claim was waived and rendered non-cognizable here when Bogan entered a guilty plea.[28] The Supreme Court in *Boykin v. Alabama*[29] and later in *Tollett v. Henderson*[30] has consistently taught that when a defendant enters a plea of guilty, he may not thereafter raise independent claims relating to depravation of constitutional rights that purportedly occurred prior to the entry of the plea.[31] Thus, a defendant such as Bogan who has pled guilty is limited in his federal habeas action to only raising the issue of whether his plea was knowing and voluntary.[32] Thus, the State contends, even if Bogan had not abandoned his claim alleging a speedy trial violation, such a claim would not be cognizable here.[33]

---

[26] *Id*. (quoting ECF # 4).

[27] *Id*. (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).

[28] *Id*. at 10.

[29] *Boykin v. Alabama*, 395 U.S. 238 (1969).

[30] *Tollett v. Henderson*, 411 U.S. 258 (1973).

[31] *Id*. at 267.

[32] *United States v. Broce*, 488 U.S. 563, 571-72 (1989).

[33] ECF # 8 at 10-11.

Moreover, the State continues, Bogan has not raised any claim concerning the nature of his plea.[34]

The State also raises, alternatively, the argument that the petition should be dismissed as procedurally defaulted because Bogan's state appeal was dismissed prior to consideration on the merits as a result of Bogan's failure to file the trial record.[35] The State notes that under the well-known four-part *Maupin* test,[36] Bogan here: (1) failed to comply with Ohio's procedural rule requiring the timely filing of the trial record; (2) the Ohio appeals court invoked that rule in dismissing the appeal; (3) such a rule is an adequate and independent state law basis by which the state may foreclose federal habeas review; and (4) Bogan has not shown cause for the default or prejudice resulting from the alleged constitutional error.[37] The State further observes that Bogan has not advanced any argument of actual innocence.[38]

**D.     Traverse**

In his return of the writ Bogan argues first that the speedy trial claim should be considered by this Court because the "judge's failures" to accurately compute the time elapsed prior to trial "actually became the contributing factor that led Petitioner to enter a

---

[34] *Id.* at 11.

[35] ECF # 8 at 15.

[36] *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

[37] ECF # 8 at 13-16 (citations omitted).

[38] *Id.* at 16 (citations omitted).

guilty plea after having pled not guilty for 766 days!"[39] This "prejudice to the accused,"[40] which consists in not knowing the exact number of days that had elapsed prior to trial before entering a plea, is why "this Court should count the days of delay in prosecuting the petitioner and determine whether or not his speedy trial rights were violated."[41]

Next, Bogan asserts that the "plain language" of his plea agreement stating that the sentence be served in protective custody cannot now be rendered unenforceable. Rather, the plea agreement is a contract and its terms must be enforced.[42] Here, Bogan contends that the protective custody component of the agreement was based on his prior experience of being stabbed while serving time from a previous conviction and thereafter requiring housing in protective custody.[43]

## Analysis

### A.   Preliminary observations

Prior to further consideration of the arguments discussed above, I make the following preliminary observations:

---

[39] ECF # 15 at 1 (emphasis original).

[40] *Id*. at 2 (citing ECF # 8 at 11 n.5 (quoting *Montpelier v. Greeno*, 25 Ohio St. 3d 170, 172 n.4, 495 N.E.2d 581, 582-83 n.4 (1986)).

[41] *Id.* at 3.

[42] *Id*. at 4-5 (citing *Santobello v. New York*, 404 U.S. 257 (1971)).

[43] *Id*. at 4.

1. There is no dispute that Bogan is currently in the custody of the State of Ohio as a result of the acceptance of his guilty plea by an Ohio court and that Bogan was so incarcerated at the time he filed this petition for habeas relief. Thus, I recommend finding that Bogan meets the jurisdictional "in custody" requirement of the federal statute vesting this Court with jurisdiction over the petition.[44]

2. There is also no dispute that this petition was timely filed within one year of the conclusion of direct review by the State of Ohio.[45]

3. Further, I note that Bogan has not requested the appointment of counsel[46] nor an evidentiary hearing.[47]

**B.     Standard of review – procedural default**

Under the doctrine of procedural default, the federal habeas court is precluded from reviewing a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or due to some other violation of a state procedural rule.[48]

When a violation of a state procedural rule is alleged as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

---

[44] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[45] 28 U.S.C. § 2254(d)(1).

[46] 28 U.S.C. § 2254(e)(2).

[47] 28 U.S.C. § 2254(h).

[48] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

    (1)    Does a state procedural rule exist that applies to the petitioner's claim?

    (2)    Did the petitioner fail to comply with that rule?

    (3)    Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

    (4)    Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[49]

In addition to establishing these elements, the state procedural rule must be shown to be (a) firmly established and (b) regularly followed before the federal habeas court will decline to review an allegedly procedurally defaulted claim.[50]

If a procedural default is established, the default may be overcome if: (1) the petitioner can show cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[51] In addition, procedural default may also be excused by a showing of actual innocence.[52]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, precluded him from complying with the state

---

[49] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[50] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[51] *Hicks v. Straub*, 377 F.3d 538, 552-52 (6th Cir. 2004) (citations omitted).

[52] *Id.*

procedural rule.[53] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[54] There can be no prejudice if the petitioner cannot show a reasonable probability of a different outcome at trial.[55]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts are not required to consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[56] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it as unnecessary to resolving the claim against the petitioner on the merits.[57]

## C.    Application of standard – the petition should be dismissed

As noted, the State's fundamental argument on the speedy trial claim is that such a claim is non-cognizable here because Bogan entered a plea of guilty. According to the State, unless Bogan were to challenge the plea itself, which the State asserts he does not do, this claim is not cognizable. In fact, as Bogan's traverse makes clear, I recommend finding that while Bogan's challenge to his guilty plea may be inartful or less than precisely stated, there

---

[53] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

[54] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[55] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[56] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[57] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

is little doubt that Bogan understands the speedy trial ground in his petition to be an attack on the voluntariness of his plea. Thus, I recommend addressing both grounds for relief under the procedural default rubric.

In that regard, I observe initially that although Bogan was well-aware of the State's arguments on procedural default recounted above in detail, he elected not to address them in his traverse. Therefore, the State's analysis recounted earlier of the four *Maupin* factors as applied here is unrebutted. Further, Bogan's silence also leaves unrefuted the State's observation that Bogan has not sought to avoid the consequences of procedural default by alleging actual innocence.

Accordingly, I recommend finding first that it is clear and not disputed in the record that Bogan's claims on appeal were never addressed on their merits because he failed to timely file the trial record, thus causing the Ohio appeals court to enforce the state procedural rule concerning the timely filing of such a record as a precondition to considering the merits of an appeal. Therefore, I recommend finding further that under the *Maupin* standard Bogan has procedurally defaulted his claims here and that the petition should be dismissed.

## Conclusion

For the foregoing reasons, I recommend that the petition of Clarence Bogan III for federal habeas relief be dismissed in its entirety as procedurally defaulted. Further, if this

recommendation is accepted, I also recommend that Bogan's motion for a ruling on his petition[58] be denied as moot.

Dated:  July 18, 2012                                              s/ William H. Baughman, Jr.
                                                                              United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[59]

---

[58] ECF # 16.

[59] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).